FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

5. 27. 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:26-cr-106-WWB-MCR
18 U.S.C. § 1343

EDWARD MALONE

## INDICTMENT

The Grand Jury charges:

## COUNT ONE AND COUNT TWO
### (Wire Fraud)

### A. Introduction

At all times material to this Indictment:

1.      The Emergency Rental Assistance Program (ERAP) was created by the United States Department of Treasury and provided financial assistance to renters who experienced difficulty in paying their rent or utilities due to the COVID-19 pandemic hardships.

2.      ERAP was authorized by the Consolidated Appropriations Act of 2021 and the American Rescue Plan Act of 2021. Thes funds were then distributed to various states, territories, and local governments. Each local entity established an eligibility program for the administering of the ERAP funds.

3.      In order to determine eligibility to receive ERAP funds, the City of Jacksonville (COJ) required that applicants submit an ERAP application.

4.     One of the COJ ERAP requirements was that an eligible household must have included one or more individuals who were obligated to pay rent on a residential dwelling in Duval County.

5.     If the requirements for the COJ ERAP were met, ERAP funds were sent directly to the landlord in the form of a check.

6.     Edward Malone was a resident of Jacksonville, Florida. Malone owned 18 residential properties and 7 commercial properties directly or through Rags II Riches Consulting Inc. All of these properties were located in Jacksonville, Florida.

7.     Bank of America was headquartered in Charlotte, North Carolina, and Branch Banking and Trust Company was headquartered in Winston-Salem, North Carolina. Bank of America and Branch Banking and Trust Company had institutional, as well as individual clients, based throughout the United States, including in the Middle District of Florida. Bank of America and Branch Banking and Trust Company provided banking and investment services.

B.   The Scheme to Defraud

8.     From in or about April 2021, through in or about October 2021, in the Middle District of Florida, the defendant,

EDWARD MALONE,

did knowingly devise and intend to devise, and participate in, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as more fully described herein.

## C.  Manner and Means

9.    It was part of the scheme that the defendant would, and did, submit ERAP landlord applications for properties the defendant owned in Duval County in order for the defendant to receive COJ ERAP funds.

10.    It was further part of the scheme that the defendant certified on each application the following: "I am aware that any payment that may be provided to the Landlord by the City of Jacksonville on the Applicant's behalf through this Program will be made by use of federal funds and, therefore, I understand that any false, fictious, or fraudulent information, or the omission of any material fact, may subject me to criminal, civil, or administrative penalties for fraud, false statements, false claims or otherwise."

11.    It was further part of the scheme that in the support of each ERAP landlord application, the defendant submitted fake rental documents in order to receive COJ ERAP funding.

12.    It was further part of the scheme that these documents were sent through an online application by the defendant in Jacksonville to a company that administered portions of the ERAP program, which was based out of South Carolina. Once the application was approved, ERAP funds would be sent from Bank of America, a financial institution based in North Carolina.

13.    It was further part of the scheme that the defendant would, and did, receive money from the COJ ERAP and transfer the money to his own account,

3

which were the defendant's bank accounts ending in **5700 and **2905, located in Jacksonville, Florida.

14.    It was further part of the scheme that the defendant would, and did, submit approximately nine fraudulent landlord applications directly, or through Rags II Riches Consulting Inc., with nine fraudulent leases, which resulted in the payment of approximately $54,100 in COJ ERAP funds.

15.    It was further part of the scheme that the defendant would, and did, perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the scheme and the acts committed in furtherance thereof.

D.    Execution of the Scheme

16.    On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

EDWARD MALONE,

for the purpose of executing and attempting to execute the scheme and artifice to defraud, which affected a financial institution, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly and with intent to defraud, transmit and cause to be transmitted, in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, the below-listed transmissions associated with the funding of deposited checks:

4

| COUNT | DATE | AMOUNT | SENT FROM | SENT TO |
|---|---|---|---|---|
| ONE | May 19, 2021 | $14,400 | Bank of America, Charlotte, North Carolina | Defendant Bank Account ending in 5700, Jacksonville, Florida |
| TWO | September 7, 2021 | $15,100 | Bank of America, Charlotte, North Carolina | Defendant Bank Account ending in 5700, Jacksonville, Florida |

All in violation of 18 U.S.C. § 1343.

## **FORFEITURES**

1.    The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.    Upon conviction of violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.    The property to be forfeited includes, but is not limited to, the following: an order of forfeiture for at least $54,100 obtained from the offenses, which represents proceeds of the offenses.

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
JOHN CANNIZZARO
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

6

FORM OBD-34
5/26/26 Revised

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

## EDWARD MALONE

## INDICTMENT

Violations: Ct 1-2:  18 U.S.C. § 1343

A true bill,\

———

Foreperson

Filed in open court this 27 day

of May, 2026.

_____
Clerk

Bail    $_____

GPO 863 525